PHILLIP A. TALBERT
United States Attorney
RICHARD J. BENDER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

12/1/2017

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>   v.<br><br>SEBASTIAN MARTINEZ ARREOLA,<br><br>         Defendant. | CASE NO. 2:17-CR-0152 KJM<br><br>PLEA AGREEMENT |

## I.       INTRODUCTION

### A.       Scope of Agreement

The Indictment in this case charges the defendant in Count One with a violation of 21 U.S.C. §§ 846, 841(a)(1), conspiracy to manufacture marijuana (1,000 plants or more), in Count Two with a violation of 21 U.S.C. § 841(a)(1), manufacturing marijuana (1,000 plants or more), and in Count Three with a violation of 18 U.S.C. § 1361, depredation of Public Lands.  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.       Court Not a Party

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

concerning the criminal activities of defendant, including activities that may not have been charged in the Indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea

The defendant will plead guilty to Count Two of the Indictment, the manufacture of marijuana (at least 1,000 plants) in violation of 21 U.S.C. § 846 and 841(a)(1). The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B. Sentencing Recommendation

The defendant and his counsel may recommend whatever sentence they deem appropriate.

### C. Special Assessment

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering

a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

D.     **Restitution**

The defendant agrees, pursuant to 18 U.S.C. § 3663(a)(1)(A) to pay $10,000 in restitution to the United States, payable immediately. This amount reflects the minimum cost necessary to remove (usually by helicopter given the remote location) the marijuana plants, the plastic irrigation pipe, stream cisterns, campsite materials, fertilizers, toxic pesticides, general collected trash, and other items put in place for the illegal marijuana cultivation operation and to restore the area to its preexisting state. Although the actual restitution cost is likely to exceed this agreed-to amount, the parties request that the Court impose this amount as a reasonable approximation given the cost to obtain a more specific estimation and the unlikelihood of actual collection of the ordered restitution given the defendant's financial condition. This restitution obligation is a reflection and reminder of cost to the taxpayers of this country caused by the injury such illegal clandestine marijuana cultivation sites on public lands. The restitution order should be joint and several with any restitution order as to any codefendant in this matter. If the defendant is unable to pay the restitution at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program. The parties recommend that interest on the restitution amount be waived.

E.     **Defendant's Violation of Plea Agreement or Withdrawal of Plea**

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on the count to which he pleaded guilty; (2) to reinstate any other count that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### III.   THE GOVERNMENT'S OBLIGATIONS

#### A.   Dismissals

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Indictment. The government also agrees not to reinstate the dismissed counts except if this agreement is voided as set forth herein, or as provided in II(E) above (Defendant's Violation of Plea Agreement), and VII(B) (Waiver of Appeal) herein.

#### B.   Recommendations

##### 1.   Incarceration Range

Assuming the defendant qualifies for safety valve treatment [18 U.S.C. § 3553(f)], the government will recommend that the defendant be sentenced to a term of prison within the Sentencing Guideline Range as determined by the Court but not more than 48 months. If the defendant fails to qualify for safety valve, the government will recommend the otherwise applicable 120 months mandatory minimum prison sentence. The government may recommend whatever it deems appropriate as to all other aspects of sentencing. These recommendations are in no way binding on the Court.

##### 2.   Acceptance of responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

#### C.   Use of Information for Sentencing

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may

impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, that is, the manufacture marijuana (at least 1,000 plants) in violation of 21 U.S.C. § 841(a)(1):

1. That the defendant manufactured, or aided and abetted the manufacture of, at least 1,000 plants of marijuana; and
2. The defendant believed that the substance he was manufacturing, or aiding and abetting the manufacture of, was marijuana or some other kind of controlled substance.

The term "manufacture" includes preparation, production, and processing of a controlled substance and the term "production" includes planting, cultivation, growing, or harvesting of a controlled substance. 21 U.S.C. §§ 802(15) and 802(22).

By signing this agreement, the defendant certifies that he fully understands the nature and elements of the crime charge in the Indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum penalty

The maximum sentence that the Court can impose is life in prison, a fine of $10,000,000, a term of supervised release of 5 years to life and a special assessment of $100. The charge to which defendant is pleading guilty carries a ten-year mandatory minimum sentence, absent safety valve (18 U.S.C. § 3553(e)) or cooperation (18 U.S.C. § 3553(f)). In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862. By signing this plea agreement, the defendant also agrees that the Court order the payment of restitution for the full loss caused by the marijuana cultivation operation.

### B. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to five years of additional imprisonment.

VI. **SENTENCING DETERMINATION**

A. **Statutory Authority**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

B. **Guideline Estimates:**

The *government* estimates the following to be the applicable sentencing guidelines variables. These estimates shall not be binding on the Court, the Probation Office, *or the parties*:

| | |
|---|---|
| Base Offense Level | 24 [259 kilos of marijuana] |
| Presence of Firearm | +2 [1] [2D1.1(b)(1)] |
| Minor Role | -2 |
| Hazardous or Toxic Substances | +2 [2D1.1(b)(13)] |
| Safety Valve (assuming he qualifies [2]) | -2 |
| Acceptance of responsibility | -3 |
| | 21 |
| Criminal History Category | I (no criminal history points) |

**Guideline Range of 21/I = 37-46 months** [If defendant does not qualify for safety valve a 120 month mandatory minimum applies.]

The *defense* disagrees with some of these calculations and will address these issues by filing

---

[1] The defendant specifically contests the assessment of this enhancement.

[2] Based on the information presently known, it is the government's position that the defendant meets the five requirements of 18 U.S.C. § 3553(f) and qualifies for safety valve.

7

informal and formal objections to the Presentence Report as needed.

## VII. WAIVERS

### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 120 months. The defendant specifically gives up the right to appeal any order of restitution the Court imposes.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if the government appeals the sentence in the case.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the agreement in paragraph IIIA (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II(E) (Defendant's Violation of Plea Agreement) herein.

### C. Impact of Plea on Defendant's Immigration Status

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes

are removable offenses, including the offense to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Indeed, because defendant is pleading guilty to a drug trafficking charge, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

### VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

### IX. APPROVALS AND SIGNATURES

**A.   Defense Counsel**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: _____        _____
                                                                  ETAN ZAITSU
                                                                  Counsel for Defendant

B. **Defendant**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: _____          _____
                                          SEBASTIAN MARTINEZ
                                          ARREOLA, Defendant

C. **Court Certified Interpreter/Translator**

I declare that I am a court-certified Spanish-English interpreter/translator. On _____, I read the entire contents of the foregoing plea agreement to SEBASTIAN MARTINEZ ARREOLA, translating the document from English to Spanish.

Dated: 12/6/17          _____
                          Interpreter/Translator
                          CRISTINA White

D. **Attorney for the United States**

I accept and agree to this plea agreement on behalf of the government.

Dated: _____          PHILLIP A. TALBERT
                                          United States Attorney

                                  By: _____
                                          RICHARD J. BENDER
                                          Assistant United States Attorney

# EXHIBIT "A"
## Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On August 7, 2017, U.S. Forest Service agents, assisted by CA Fish and Wildlife, North State Marijuana Investigation Team, BLM and the Trinity Co. Sheriff's Office, raided a marijuana grow site located near Limedyke Mountain in the Shasta-Trinity National Forest in Trinity County, CA. A total of four suspects were seen in the site by the agents. Codefendant Carlos Gutierrez Gonzalez was captured by the K-9 after ignoring commands to stop. A .45 caliber Ruger semi-automatic pistol was found near where Gutierrez Gonzalez was arrested. A second K-9 secured defendant Sabastian Martinez Arreola, who had been seen trimming marijuana, but the other two persons seen trimming marijuana escaped.

Both defendants were Mirandized in Spanish and gave post arrest statements. Defendant Martinez Arreola he was going to receive $200 a day for his work trimming the marijuana.

Gutierrez Gonzalez stated that he arrived at the marijuana site approximately four months ago and had been offered the job from a guy who he had met on the street in Sacramento. He said that the waterlines and reservoirs were already in place when he arrived and that he and another guy had dug the holes and planted the seeds. He estimated the site had about 2,000 holes, each containing about 2 marijuana plants. He had been given a .45 caliber handgun a few months ago and it was for protection against animals. Other workers would occasionally carry the pistol but he carried it the most. He said the pistol fell out of his pocket when he ran from the officers. He said that a total of five people were currently working at the site and that Martinez Arreola had arrived about 11 days ago to trim marijuana.

The agents counted 2,596 marijuana plants. A 33.8 oz. bottle of carbofuran (a couple of oz. left in the bottle) and about 20 pounds of powder carbofuran were found at the site.

PLEA AGREEMENT A-1

I have read, or have had read and translated to me, the above Factual Basis of Plea, and I admit that the above is true and correct, as far as my conduct is concerned. Specifically, I was at the above described marijuana garden location and was trimming marijuana in the hope of being paid for my services when law enforcement raided the location and I was arrested.

Dated: _____              _____
                                             SEBASTIAN MARTINEZ
                                             ARREOLA, Defendant